## The People of the State of Illinois, Defendant in Error, v. Gustave Anders, Plaintiff in Error.

## Gen. No. 19,755.

ASSAULT AND BATTERY, § 38*—*when sentence erroneous.* Where on trial of an indictment for assault to murder and for assault with a deadly weapon, without any considerable provocation and under circumstances showing an abandoned and malignant heart, with intent to do bodily injury, the felony charged was waived and defendant pleaded guilty "of assault with intent to do bodily injury in manner and form as charged therein," it was *held* that defendant's plea of guilty was only as to an assault with intent to do bodily injury, and a judgment on such plea that defendant was "guilty of the crime of assault with a deadly weapon, instrument or other thing, with intent to inflict upon the person of another a bodily injury where no considerable provocation appears, or where the circumstances of the assault show an abandoned or malignant heart," was erroneous and a sentence to a year's confinement in the county jail, a fine of $25 and costs, amounting to $213.15, was in excess of the statutory penalty for the offense to which he pleaded guilty.

Error to the Criminal Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed March 9, 1914.

MACLAY HOYNE, for defendant in error; FRANCIS E. HINCKLEY, of counsel.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

JAMES E. CALLAHAN and FRANCIS J. CALLAHAN, for plaintiff in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

Defendant was indicted for assault with intent to murder, and for assault with a deadly weapon, without any considerable provocation and under circumstances showing an abandoned and malignant heart, with intent to do bodily injury. To this indictment he pleaded not guilty, and a jury was impaneled and heard evidence, but before the trial was concluded, apparently by agreement between the attorneys for the defendant and the attorney representing the People, the jury was discharged. On motion of the State's Attorney the felony charge in the indictment was waived. Thereupon the defendant withdrew his plea of not guilty and entered a plea saying that he was "guilty of assault with intent to do bodily injury in manner and form as charged therein." It was thereupon "ordered and adjudged by the court that the defendant is guilty of the crime of assault with a deadly weapon, instrument or other thing, with intent to inflict upon the person of another a bodily injury where no considerable provocation appears, or where the circumstances of the assault show an abandoned or malignant heart, upon the indictment, on the said plea of guilty," and he was sentenced to be confined in jail for the term of one year and to pay a fine of $25 and costs, which, it is said, were taxed at $213.15.

It is apparent that the plea entered by the defendant was only as to an assault with intent to do bodily injury, for which the statute provides that the punishment shall be a fine of not less than $3 nor more than $100. Upon this plea he was found guilty of a crime of a higher degree than he had confessed, and the sentence of punishment was larger than justified by his plea. Under this condition of the record it is clear

that such a judgment. and sentence were improper. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*